UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                        Case No. 18-cr-180-pp

TRACY HOLLOWELL,

        Defendant.

**ORDER DENYING DEFENDANT'S LETTER MOTION TO BE PLACED ON HOME CONFINEMENT/REQUEST FOR CONFIRMED RELEASE DATE (DKT. NO. 25)**

On April 16, 2019, the defendant pled guilty to two counts of Hobbs Act robbery (Case No. 17-cr-222, E.D. Wis.) and one count of being a felon in possession of firearms (Case No. 18-cr-180, E.D. Wis.). Dkt. No. 6. On September 10, 2019, the court sentenced the defendant to serve forty-eight months in custody, even though his sentencing guideline range was 87-108 months. Dkt. Nos. 20 at 2; 21. At the time of his sentencing, the defendant had outstanding warrants in Marion County, Indiana for Case No. 49G20-1606-F5-022156, 49G20-1606-F5-023873 and 49G20-1702-F5-004951. Dkt. No. 12 at ¶¶92-94.

As of March 26, 2020, the defendant had not been transferred to his Bureau of Prisons designated facility; he was still in the Kenosha County Jail. Dkt. No. 23. This was a result of the COVID-19 pandemic. The BOP shut down all prisoner transports to try to prevent or reduce the spread of the virus. The defendant is still at KCJ; the court received a letter from him on July 14, 2020 and the return address on the envelope was KCJ. Dkt. No. 25. This week, the

1

court learned from the United States Marshal Service that the BOP has resumed the JPATS (Justice Prisoner & Alien Transport System) transports of sentenced prisoners to designated facilities. Because the pandemic continues, the BOP will be transporting prisoners in small groups—a group of eight or so is scheduled for transport from Wisconsin next week. The court does not know if the defendant is in that group. It will take some time, but the BOP will eventually move the defendant from KCJ to his designation.

The defendant asks whether it is possible for him to be placed in home confinement for the "remainder" of his time after his warrants have been taken care of, due to the fact that he has been in a county jail for "half" his time. Dkt. No. 25. The court does not have the authority grant that request. Section 12003 of the CARES Act is the section that applies to the Bureau of Prisons. Section 12003(b)(1)(2) reads:

> HOME CONFINEMENT AUTHORITY.—During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the *Director of the Bureau* may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the *Director* deems appropriate.

CARES Act, Pub. L. 116-136, §12003(b)(1)(2) (emphasis added). "The BOP has the authority to place someone on home confinement, and to decide when to do so." United States v. Menzie, No. 11-cr-63-pp, 2020 WL 1991577, at *3 (E.D. Wis. Apr. 27, 2020) (citing 18 U.S.C. §3624(c)). The court does not have the authority to grant the defendant's request for home confinement.

The defendant also asks whether he gets any good-time credit for the time he has been in the KCJ. The court does not know; calculation of good-time credit is up to the BOP. When the defendant arrives at his BOP facility, his case manager will be able to tell him about sentence credit. Similarly, the defendant asks if he has a release date, given that he still is not in a BOP facility. He will have a release date, and he will find out what that date is when he gets to his BOP facility.

Finally, the defendant asks if it is possible for him to be released from federal custody. Generally, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. §3582(c). The court sentenced the defendant to serve forty-eight months, and that is the sentence he must serve. The compassionate release provision of the First Step Act makes an exception to the rule that a court cannot modify a sentence once it is imposed. It says:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger

to the safety of any other person or the community, as provided under section 3142(b);

And that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

Many BOP inmates have filed motions for compassionate release under this statute since the COVID-19 pandemic began. The defendant mentions the world being in chaos and history being made, but he does not mention the pandemic or compassionate release. The court will not construe his request as a motion for compassionate release, because once a court rules on a defendant's compassionate release motion, the defendant cannot file another such motion. And a defendant must show that there are "extraordinary and compelling circumstances" warranting his release in order to prevail on a compassionate release motion. The defendant has not alleged any such circumstances. He indicates only that it is "bothering" him not to have a confirmed release date. The court can understand the defendant's frustration, but he will have to wait until he gets to his BOP designation to have his questions answered. Hopefully that will be soon.

The court **DENIES** the defendant's letter motion to be placed on home confinement/for a confirmed release date. Dkt. No. 25.

Dated in Milwaukee, Wisconsin this 20th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

4

Case 2:18-cr-00180-PP   Filed 07/20/20   Page 4 of 4   Document 26